ACCEPTED
04-14-00812-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/29/2014 3:58:55 PM
KEITH HOTTLE
CLERK

04-14-00812-CV

IN THE COURT OF APPEALS FOR
THE FOURTH DISTRICT OF TEXAS
SITTING AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/29/2014 3:58:55 PM
KEITH E. HOTTLE
Clerk

IN THE ESTATE OF CONSUELA PERKINS ULBRICH

On appeal from Probate Court No. One, Bexar County, Texas
Honorable Polly Jackson Spencer, presiding

APPELLANTS' MOTION FOR TEMPORARY ORDER
STAYING ENFORCEMENT OF THE SUMMARY JUDGMENT

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

Now comes, Douglas Ulbrich ("Movant"), and files this motion for temporary order staying enforcement of the summary judgment pursuant to TRAP Rule 24 as required to suspend the summary judgment entered on November 5, 2014, and in support of his motion he would show:

1      On November 5, 2014, the Court entered an Order Granting Motion for Summary Judgment - Docket seq. 44, vol. 2144, page 1963, 2 pages, including findings that Movant, who is the surviving spouse, is not entitled to his claim to set aside his 160 acre ranch as his probate homestead for his use and benefit.

1

Movant filed a notice of appeal from the Summary Judgment in Cause No. 2011-PC-0686 on November 21, 2014.

On December 18, 2014, the trial court announced that it intended to sign an order appointing three special commissioners to determine whether Movant's rural homestead, which he claims as his probate homestead, can be partitioned in kind. The Court also announced that it intended to sign an order on December 29, 2014 requiring Movant to turn over keys to his ranch to his adult step-children, who claim a right to use and enjoyment of the Estate's 25% undivided interest.

Movant respectfully submits that the imminent threat of interference with his rights to the exclusive use and enjoyment of his probate homestead requires intervention by this Court in order to avoid irreparable harm and injury, which would occur if Movant's adult step-children are allowed to interfere with his constitutional right to the use and enjoyment of his rural homestead pending a decision on appeal.

To wit, Movant reasonably anticipates that his adult step-children will attempt to enter upon the subject property, which Movant claims as his rural homestead, sell his livestock, hunt his game including exotic Axis deer, enter into leases, and generally cause him financial loss and undue mental and emotional distress and anxiety by interfering with his exclusive use and benefit of his

homestead pending a ruling by this Court as to his probate homestead claim.

6       Movant submits that the Court can issue any temporary orders necessary to preserve the parties' rights pending its determination of the Movant's appeal pursuant to TRAP Rule 24.4(c).

7       This request for a stay of enforcement of the judgment is necessary to maintain the status quo of the parties and to preserve the Court's jurisdiction to consider the merits of the Movant's appeal.  A stay of enforcement of the judgment is also necessary to avoid a waste of judicial resources on a meaningless proceeding as a result of Appellee's enforcement of the summary judgment including the partition and sale of Movant's probate homestead pending appeal. Therefore, Movant submits that a stay is necessary in order to prevent the infringement and/or loss of Movant's substantive and procedural rights, which are the subject of this appeal.

CONCLUSION AND PRAYER

WHEREFORE, Movant respectfully request the Court to grant a temporary order staying enforcement of the Summary Judgment in order to maintain the status quo pending a final decision on the appeal.  Movant also request such further relief to which he may be justly entitled.

Respectfully submitted,

/s/ Philip M. Ross
Philip M. Ross
State Bar No. 17304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com
ATTORNEY FOR APPELLANT
DOUGLAS ULBRICH

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been e-filed and served on December 29, 2014 by email pursuant to agreement to Kristine Arlitt and William Bailey.

/s/ Philip M. Ross
Philip M. Ross